# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID DANON, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | No.: 15-cv-6864 |
| | : | |
| VANGUARD GROUP, INC., | : | |
|     Defendant. | : | |

## MEMORANDUM

**SITARSKI, M.J.**                                                                                                        November 2, 2018

Pending before the Court is Plaintiff's Motion for Leave to Amend (ECF No. 32), and Defendant's Brief in Response thereto (ECF No. 37).[1] For the following reasons, Plaintiff's Motion will be GRANTED.

## I.    BACKGROUND

On December 31, 2015, David Danon ("Plaintiff") initiated the instant action against Vanguard Group, Inc. ("Defendant"), alleging that he was wrongfully terminated in violation of the whistleblower protections of the Sarbanes-Oxley Act, the Dodd-Frank Wall Street Reform and Consumer Protection Act, and the Pennsylvania Whistleblower Law. (Compl. ¶¶ 11, 13, ECF No. 1). Specifically, Plaintiff averred that beginning in 2010, he informed corporate employees and members of his department that Defendant was engaged in illegal practices. Plaintiff was advised to "cease and desist in his attempts to notify the defendant," and "in retaliation" he was wrongly terminated "on about January 3-4, 2013." (*Id*. ¶¶ 7-8, 10).

On March 7, 2016, Defendant filed a Motion to Dismiss the Complaint, arguing, among

---

[1] The Honorable C. Darnell Jones, II referred the matter to me for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (Order, ECF No. 34).

other things, that Plaintiff was collaterally estopped from proceeding with this action because he filed a similar retaliation claim that was dismissed by the New York Supreme Court,[2] and that Plaintiff failed to meet the necessary statutory prerequisites. (Mot. to Dismiss, ECF No. 6; Mem. of Law in Support of Mot. to Dismiss 7, ECF No. 6-2). On May 23, 2016, Judge Jones granted Defendant's Motion, and dismissed Plaintiff's Complaint with prejudice. (Mem. 14, ECF No. 20). Judge Jones found the collateral estoppel argument dispositive of Plaintiff's claims, that Plaintiff's Pennsylvania Whistleblower Law claim was time-barred, and that Plaintiff failed to administratively exhaust his Sarbanes-Oxley Act claim. (*Id*. at 4, 13-14). Plaintiff appealed, and on May 11, 2017, the Third Circuit issued an opinion "vacating the portion of the District Court's opinion dismissing the Dodd-Frank claim," and remanding for further proceedings so the District Court could address the parties' additional arguments regarding the Dodd-Frank claim.[3] (Not. of App., ECF No. 23); *Danon*, 686 F. App'x at 104, 104 n.15.

On remand, the parties entered a Stipulation and Order to stay the case, which Judge Jones signed on May 10, 2017. (Stipulation and Order, ECF No. 27). The parties stipulated that, "Plaintiff reported alleged concerns to the SEC only after learning his employment would be terminated." (*Id*. ¶ J). The Stipulation further provided, in relevant part, that Defendant wished to renew its Motion to Dismiss regarding the Dodd-Frank claim "so that [the District] Court may address Defendant's arguments," including Defendant's argument that "the anti-retaliation

---

[2] On May 8, 2013, Plaintiff filed an action against Defendant in the Supreme Court of New York, alleging, *inter alia*, that Defendant retaliated against him by firing him for his efforts to stop Defendant's illegal activities, and that this retaliation violated the New York False Claims Act. *Danon v. Vanguard Group, Inc.*, 686 F. App'x 101, 103 (3d Cir. 2017) (not precedential).

[3] Specifically, the Third Circuit found collateral estoppel did not bar Plaintiff's claims. *Danon*, 686 F. App'x at 102-03. However, the Third Circuit found that "the District Court provided sufficient alternative grounds for dismissing all of [Plaintiff's] claims except the Dodd-Frank claim," and thus, only vacated the dismissal of that claim. *Id*. at 102.

provisions of the [Dodd-Frank Act] only protects individuals who report to the [Securities Exchange Commission ("SEC")], but does not protect individuals who report internally without also reporting to the SEC ('Internal Reporting Issue')." (*Id*. ¶¶ J-L). The parties requested a stay of the proceedings "pending the United States Supreme Court's resolution of Digital Realty Inc.'s petition for writ of certiorari (filed on April 25, 2017) in the case of *Somers v. Digital Realty, Inc.*, 850 F.3d 1045 (9th Cir. 2017)," in which "the Ninth Circuit directly addressed the Internal Reporting Issue and held that internal report is sufficient." (*Id*. ¶ O). The parties agreed that Plaintiff could amend his complaint within 21 days from a denial of the Somers petition or "a decision on the merits by the Supreme Court if such decision is not dispositive of Plaintiff's claims." (*Id*. ¶ 2).

On February 21, 2018, the Supreme Court issued a decision in *Digital Realty*, holding that the anti-retaliation provision of Dodd-Frank does not extend to an individual who has not reported a violation of the securities laws to the SEC and therefore falls outside the Act's definition of "whistleblower." *Digital Realty Trust, Inc. v. Somers*, __ U.S. __, 138 S. Ct. 767, 772 (2018). Rather, "[t]o sue under Dodd-Frank's anti-retaliation provision, a person must first 'provid[e] . . . information relating to a violation of the securities laws to the Commission.'" *Id*. (quoting 15 U.S.C. § 78u-6(a)(6)). Thus, the Supreme Court found that because Somers did not provide information to the SEC before his termination, he did not qualify as a whistleblower at the time of the alleged retaliation and was ineligible for relief. *Id*. at 778.

Following the *Digital Realty* decision, on March 12, 2018, Plaintiff filed an Amended Complaint. (Am. Compl., ECF No. 28). Plaintiff averred, *inter alia*, that beginning in 2008, he informed corporate employees and members of his department that Defendant was engaged in illegal practices; "[i]n retaliation for Plaintiff's attempts to correct the Defendant's violations, in

3

January 2013 Plaintiff was notified of Vanguard's intention to terminate him at the end of an unspecified period of time;" Plaintiff remained a full-time employee from January 2013 until June 10, 2013, during which time Defendant "engaged in additional retaliation conduct against Plaintiff and made it impossible for him to continue his employment;" in May 2013, Plaintiff reported his opinions and prior disclosures to Vanguard to the SEC; and Plaintiff was terminated on June 10, 2013. (*Id.* ¶¶ 7, 15-21).

On April 9, 2018, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint.[4] (Mot. to Dismiss Pl.'s Am. Compl., ECF No. 29). Plaintiff filed an Answer and Brief in Response thereto (Pl.'s Answer to Def.'s Mot. to Dismiss, ECF No. 35; Br. in Response to Mot. to Dismiss, ECF No. 38), and Defendant filed a Reply (Def.'s Reply Br. in Support of Mot. to Dismiss, ECF No. 47). Defendant has also requested oral argument. (Def.'s Request for Oral Arg., ECF No. 41). Defendant's Motion to Dismiss remains pending.

On April 19, 2018, Plaintiff filed the instant Motion for Leave to Amend. (Mot. for Leave to Am., ECF No. 32). Plaintiff seeks leave to file a Second Amended Complaint to more specifically state facts in response to Defendant's Motion to Dismiss, and because he found

---

[4] Defendant argues Plaintiff's Amended Complaint should be dismissed with prejudice for the following reasons:

> Because [Plaintiff] concedes that he did not report to the SEC until May 2013, under *Digital Realty* he could not be a protected DFA 'whistleblower' at the time of his alleged retaliatory termination in January 2013 or at any point before his alleged reporting to the SEC in May 2013. And the Third Circuit has rejected the theory he hopes will revive this retaliatory termination claim – that [Defendant's] post-SEC reporting refusal to rescind his termination is itself actionable. Finally, [Plaintiff's] allegations of purported post-SEC reporting "retaliation" and "interference" are conclusory and threadbare and thus fail to state a claim for relief under the DFA that is plausible on its face.

(Br. in Support of Mot. to Dismiss Pl.'s Am. Compl. 4, ECF No. 29-2).

documents "which disclose that [he] was not terminated before he reported to the SEC in May 2013." (*Id.* ¶¶ 3-4; Pl.'s Mem. of Law 2, ECF No. 32-2). The proposed Second Amended Complaint avers, *inter alia*, that "[o]n or about January 3-4, 2013, Plaintiff received another review that suggested areas for improvement," that he reported his tax opinions to the SEC in May 2013 while still employed at Vanguard, and that he was terminated in June 2013. (Second Am. Compl. ¶¶ 15, 20, 22, 23-24, ECF No. 32-3). Defendant opposes amendment, arguing Plaintiff's Motion should be denied "on the basis of bad faith, undue delay, prejudice and futility." (Br. in Resp. 16, ECF No. 37).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) sets out the standard for granting leave to amend a complaint when, as is the case here, a responsive pleading had been served; "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires," and the Third Circuit has held that "motions to amend pleadings should be liberally granted." Fed. R. Civ. P. 15(a)(2); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). The fundamental purpose of Rule 15 is to allow a plaintiff an opportunity to test his claim on the merits. *United States ex rel Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016). The Supreme Court has cautioned that although "the grant or denial of an opportunity to amend is within the discretion of the District Court, … outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of that discretion, it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Foman v. Davis*, 371 U.S.

178, 182 (1962)).

However, leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Foman*, 371 U.S. at 182). Given the liberal standard of Rule 15(a), the party opposing amendment bears the burden of showing undue delay, bad faith, prejudice, or futility. *Id.* The decision to grant or deny a motion for leave to amend is within the sound discretion of the district court. *Id.* at 272.

### III. ANALYSIS

Plaintiff seeks leave to file a second amended complaint to more specifically plead facts in response to Defendant's Motion to Dismiss, and because he found documents "which disclose that [he] was not terminated before he reported to the SEC in May 2013." (Mot. for Leave to Am. ¶¶ 3-4, ECF No. 32; Pl.'s Mem. of Law 2, ECF No. 32-2). Defendant opposes amendment, and argues Plaintiff's Motion should be denied "on the basis of bad faith, undue delay, prejudice and futility." (Br. in Resp. 16, ECF No. 37). As explained in more detail below, the Court does not find that Plaintiff acted with bad faith or caused undue delay; that Defendant will suffer prejudice; or that amendment of the complaint will be futile. Thus, the Court grants Plaintiff leave to file a second amended complaint.

#### A. Bad Faith

Defendant argues that Plaintiff acted in "bad faith" by seeking leave to file a second amended complaint and that such filing "demonstrates gamesmanship and wait-and-see tactics in spades." (Br. in Resp. 17, ECF No. 37); *Kovach v. Serv. Personnel & Emps. of the Dairy Indus.*, 58 F. Supp. 3d 469, 487 (W.D. Pa. 2014).

6

Plaintiffs routinely amend complaints to correct factual inadequacies in response to a motion to dismiss. *West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 172 (3d Cir. 2013). This is permitted even when the proposed amendment flatly contradicts the initial factual position. *Id.* "Indeed effectively disallowing amendment by looking to the original pleading is contrary to the liberal amendment policy embodied in Rule 15." *Id*.

Defendant's position is that Plaintiff should not be permitted to amend his complaint to assert facts that differ from those previously introduced. Specifically, Defendant asserts that Plaintiff should be bound by his statement that he was informed in January of 2013 that Defendant intended to terminate his employment. Plaintiff was terminated on June 10, 2013. In order to establish himself as a protected "whistleblower" under the anti-retaliation provisions of Dodd-Frank and *Digital Realty*, Plaintiff must have reported to the SEC prior to termination. Plaintiff's termination date is key to his categorization as a protected "whistleblower" and to his establishment of a *prima facie* case. Plaintiff seeks to correct factual inadequacies in response to Defendant's motion to dismiss. The Court finds that this does not violate the liberal amendment policy embodied in Rule 15. *West Run Student Hous. Assocs.*, 712 F.3d at 172.

This does not mean that Plaintiff's assertion of contrary factual positions in the pleadings is without consequence. *Id*. At the summary judgment stage, a district court may consider a statement or allegation in a superseded complaint as rebuttable evidence when determining whether summary judgment is appropriate. *Id*. However, at this stage, Plaintiff cannot be bound by allegations in a prior complaint. *Id*. Therefore, the Court does not find that Plaintiff acted in bad faith in seeking leave to amend his complaint.

**B.    Undue Delay**

Defendant argues Plaintiff has exhibited "undue delay" in seeking leave to amend

7

because "no new information has come to light justifying [his] amendment five years after initially commencing litigation against Vanguard, and over two years after commencing suit in this Court." (Br. in Resp. 18-20, ECF No. 37).

"[D]elay alone is an insufficient ground to deny leave to amend." *Cureton*, 252 F.3d at 273. However, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). With regard to "undue delay" in seeking leave to amend, the Third Circuit has advised courts to consider "whether new information came to light or was available earlier to the moving party." *Cureton*, 252 F.3d at 273. The "question of undue delay requires that [a court] focus on the movant's reasons for not amending sooner." *Id.* Moreover, the time between when a party discovers information giving rise to a proposed amendment and the filing of their motion is an "important factor" when determining whether there is undue delay. *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 924 (3d Cir. 1990) (plaintiff's delay of four and one half months after receiving certain information was an important factor in finding that the delay was undue).

The Court finds Defendant's arguments somewhat disingenuous. Based on the Supreme Court's ruling in *Digital Realty*, the date of Plaintiff's termination is a critical factor in his ability to establish a *prima facie* case. On May 10, 2017, the parties stipulated to a stay of the proceedings pending disposition of *Digital Realty*. The Court decided *Digital Realty* on February 21, 2018. Plaintiff filed an amended complaint on March 12, 2018. Defendant filed a motion to dismiss Plaintiff's amended complaint on April 9, 2018. In response to Defendant's motion to dismiss, Plaintiff filed the instant motion for leave to amend his complaint on April 19, 2018, asserting that he has discovered documents that disclose that his termination date was after

8

he reported to the SEC in May 2013. Based on these facts, the Court finds that Plaintiff did not act in an untimely manner and that allowing Plaintiff to amend his complaint will not result in undue delay to the proceedings.

**C.    Prejudice**

Defendant argues that "there is no cogent reason for Danon's significant delay in seeking the amendment. Thus, such delay itself constitutes prejudice." (Br. in Resp. 20, ECF No. 37).

A significant, unjustified, or "undue" delay in seeking amendment may itself constitute prejudice sufficient to justify denial of a motion for leave to amend. *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013). However, having found that Plaintiff did not cause significant delay, there can be no finding of prejudice based on delay. *Id*. Defendant further argues that undue prejudice will result due to "money spent in reliance on that [previous] admission." Defendant does not elaborate. Based on these facts, the Court finds that Defendant will not be prejudiced by allowing Plaintiff to amend his complaint.

**D.    Futility**

Defendant also argues that amendment would be futile because Plaintiff's allegations – specifically his retaliatory discharge claim, and his allegations of negative reviews and assignments of low level work – fail to state a claim. (Br. in Resp. 21-24, ECF No. 37).

"Futility" in this context means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "[C]ourts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 229 (E.D. Pa. 2012) (citation and quotation marks omitted). If the proposed amendment is not "*clearly* futile, then denial of leave to amend is improper." *Id*. (citation and quotation marks omitted) (emphasis in

original).

In assessing futility, the district court applies the same standard of legal sufficiency as a Rule 12(b)(6) motion. *Burlington*, 114 F.3d at 1434. In deciding a motion to dismiss, a court must accept all of the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court must determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *Id*. However, a claim is deficient if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Defendant asserts that Plaintiff's retaliatory discharge claim under Dodd-Frank is futile in light of Plaintiff's previous judicial admission - namely, Plaintiff's previous assertion that Vanguard notified him of its intent to terminate his employment in January of 2013.[5] Defendant states that if Plaintiff is "permitted to erase the admission from his pleading, he still remains bound to it" because judicial admissions are binding for the purpose of the case in which they are made. *Glick v. White Motor Co.*, 458 F.2d 1287, 1291 (3d Cir. 1972). Defendant reasons that Plaintiff will then be unable to justify his characterization as a protected "whistleblower" under Dodd-Frank, and Defendant's motion to dismiss will be granted, rendering Plaintiff's desired amendment futile.

However, *Glick* is distinguishable from the instant case as the Court here is ruling on

---

[5] The Court notes that while Plaintiff was notified of Defendant's intention to terminate his employment in January, 2013, his actual date of termination was June 10, 2013.

10

Plaintiff's ability to amend a complaint. The judicial admissions in *Glick* refer to the acceptance at trial of the authenticity of exhibits. *Id*. The situation is not analogous as the procedural posture is not comparable between the two cases. *Glick* held "that the plain and unequivocal acceptance at trial" of the authenticity of "exhibits constitutes a binding admission by" the party, and that party could not disavow those trial admissions on appeal. *Id.* In the instant matter, Plaintiff seeks leave to amend a complaint where discovery has not commenced, and not, as in *Glick*, disavow on appeal admissions made at trial. Again, Plaintiff seeks only to amend his complaint in response to Defendant's motion to dismiss, chiefly to establish that his date of termination from Vanguard was *after* he reported to the SEC.

Accepting Plaintiff's factual allegations as true, it is not futile for Plaintiff to amend his complaint, and denial of Plaintiff's leave to amend would be improper.

## IV.     CONCLUSION

For the reasons explained herein, Plaintiff's Motion for Leave to Amend is GRANTED. An appropriate Order follows.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE