IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID DANON, | : | CIVIL ACTION NO. 15-CV-6864 |
| Plaintiff, | : | |
| v. | : | |
| THE VANGUARD GROUP, INC., | : | |
| Defendant. | : | |



FILED
FEB 13 2019
KATE BARKMAN, Clerk
By_____Dep. Clerk

### STIPULATION AND ORDER REGARDING FILING UNDER SEAL AND/OR WITH REDACTIONS

WHEREAS, plaintiff, David Danon ("Plaintiff"), formerly was employed as a tax attorney at Defendant, The Vanguard Group, Inc. ("Vanguard"), and brings this action under the anti-retaliation provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act;

WHEREAS, the parties therefore anticipate that, during this litigation, including in plaintiff's filing that is due on January 22, 2019, a party may make a filing that refers to information that either the filing party or non-filing party may consider to be confidential, proprietary and/or privileged ("Confidential Information");

WHEREAS, the parties believe that, at times, it will be impractical for them to resolve before a filing which portion, if any, of the filing contains Confidential Information;

WHEREAS, the parties believe that, where, as here, a former in-house counsel has sued for alleged retaliation, the Court possesses the inherent authority to enter an order consistent with this stipulation. *See generally Kachmar v. Sunguard Data Systems, Inc.*, 109 F.3d 173, 182 (3d Cir. 1997) (observing that "[i]n balancing the needed protection of sensitive information with the in-house counsel's right to maintain the suit, the district court may use a number of equitable measures at its disposal 'designed to permit the attorney plaintiff to attempt to make

the necessary proof while protecting from disclosure client confidences subject to the privilege,' including '[t]he use of sealing and protective orders, limited admissibility of evidence, orders restricting the use of testimony in successive proceedings, and, where appropriate, in camera proceedings'").

WHEREAS, the Court has previously allowed the parties to file certain documents under seal in this action (*see* ECF 6, ECF 31).

NOW THEREFORE, IT IS HEREBY STIPULATED as follows:

1. If a party believes in good faith that a document to be filed of record may contain information that the filing or non-filing party may consider to be Confidential Information, then the filing party shall file the document under seal in its entirety and shall also, if the filing party deems it practicable to do so, simultaneously file a public version of the document with any Confidential Information redacted.

2. On the same day as any ECF filing referred to in paragraph 1, the filing party shall serve an unredacted and unsealed version of the pleading or submission upon the opposing party, and provide the Court with an unredacted and unsealed Chambers copy of the filing or submissions.

3. Within ten (10) days after such filing, the parties shall meet and confer in good faith to seek to agree as to whether the public version of the filing should contain any additional redactions or revisions and if so shall make such corrective filings as they may agree to (which corrective filings shall not extend the deadline for the non-filing party to respond to the filing).

4. If the parties are unable to reach agreement as referenced in paragraph 3, then, within 15 days after the initial filing, the party seeking greater redaction or sealing shall file a motion for protective order.

2

5.  No party shall be deemed to have conceded or waived any argument regarding the confidential, proprietary or privileged nature of any information by filing documents under seal or agreeing to redact or not redact information for a public filing, it being understood that the parties have entered into this stipulation in a good faith effort to protect all parties' rights while also not unnecessarily burdening the Court with disputes regarding the protection of Confidential Information.

6.  The Court retains the right to allow disclosure of any subject covered by the stipulation or to modify this stipulation at any time in the interest of justice.

Dated: January 17, 2019

/s/ Anthony J. Bolognese
Anthony J. Bolognese
Attorney I.D. No. 36937
BOLOGNESE & ASSOCIATES, LLC
Two Penn Center
1500 JFK Blvd., Suite 320
Philadelphia, PA 19102
(215) 814-6750
abolognese@bolognese-law.com

*Attorney for Plaintiff*

/s/ Paul G. Nofer
Paul G. Nofer, Esq.
Attorney I.D. No. 52241
KLEHR HARRISON HARVEY
BRANZBURG LLP
1835 Market Street, Suite 1400
Philadelphia, PA 19103
(215) 569-3287
pnofer@klehr.com

Kelly A. Carrero
  (admitted pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281
(212) 326-3939

*Attorneys for Defendant*

SO ORDERED:

_____
C. Darnell Jones, II, J.
United States District Judge

Dated: __February 13, 2019__

4