IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID DANON, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 15-6864 |
| v. | : | |
| | : | |
| THE VANGUARD GROUP, INC., | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT
OF UNDISPUTED AND/OR DISPUTED MATERIAL FACTS**

In Defendant's Reply Brief in Support of its Motion to Dismiss the Second Amended Complaint or, in the Alternative, for Summary Judgment and Response to Plaintiff's Motion to Convert (ECF No. 69) ("MTD Reply"), defendant, The Vanguard Group, Inc. ("Vanguard"), responded to Plaintiff's Statement of Undisputed and/or Disputed Material Facts, which in turn was Plaintiff's response to Defendant's Statement of Undisputed Material Facts (ECF No. 54-2). However, in the interest of clarity, the parties have agreed that Vanguard would file an additional response document.

**DEFENDANT'S UNDISPUTED MATERIAL FACT NO. 1**: Plaintiff, David Danon, Esq. ("Danon"), worked as a tax attorney for Vanguard.

    **Plaintiff's Response**: Admitted.

    *Defendant's Response:* No response.

**DEFENDANT'S UNDISPUTED MATERIAL FACT NO. 2**: Danon alleges that he reported to the SEC for the first time in May 2013.

    **Plaintiff's Response:** Admitted.

    *Defendant's Response:* No response.

**DEFENDANT'S UNDISPUTED MATERIAL FACT NO. 3**: Vanguard decided to terminate Danon <u>before</u> the alleged SEC report in May 2013.

    **Plaintiff's Response:** Disputed. Plaintiff disputes this assertion, as Vanguard has proffered no cognizable evidence of when it formed the intention to fire Danon when it did so on in June 13, 2013. To the extent Vanguard relies upon the prior assertions identified under

"Record Citations" below, such assertions were withdrawn by operation of law and are no longer of any force and effect for reasons set forth in the opinion of the Court dated November 2, 2018. To the extent that any of the assertions cited by Vanguard remain viable as rebuttable evidentiary admissions, they are rebutted by the following evidence that establishes that Vanguard did not fire Danon before he reported the transfer pricing matter to the United States Securities and Exchange Commission in May of 2013.

*Defendant's Response*: Danon's response fails to raise a genuine issue of material fact as to Defendant's Undisputed Material Fact No. 3. *See* MTD Reply at 11-17. Further, Danon offers Plaintiff's Fact Nos. 1-6 effectively only in rebuttal to Defendant's Undisputed Material Fact No. 3, and Vanguard incorporates herein by reference its responses to Plaintiff's Fact Nos. 1-6.

**PLAINTIFF'S FACT NO. 1:** Danon was not fired by Vanguard at or after the meeting with Shawn Travis and Natalie Bej in January of 2013. He remained employed by Vanguard until he was fired on June 13, 2013.

*Defendant's Response*: Plaintiff's Fact No. 1 neither raises a genuine issue of material fact as to Defendant's Undisputed Material Fact No. 3 nor is it an additional disputed material fact which precludes summary judgment. Vanguard incorporates by reference Defendant's Undisputed Material Fact No. 3 and its Record Citations in support, which show that Vanguard advised Danon of Vanguard's termination decision in January 2013. For the record, Vanguard agrees that Danon remained an employee of Vanguard until June 13, 2013, but denies this date is a material fact. *See* MTD at 17-19 (ECF No. 54). Vanguard denies the remaining averments of Plaintiff's Fact No. 1. As set forth in the MTD Reply at 12-17, none of Danon's record citations in support of Plaintiff's Fact No. 1 raise a genuine issue regarding Defendant's Undisputed Material Fact No. 3. Furthermore, Vanguard cites to paragraph 202 of Danon's New York Complaint, cited in the MTD Reply at 5 (Wendel Aff. Ex. C (ECF Nos. 6-4 and 6-5).

**PLAINTIFF'S FACT NO. 2:** Danon was fired by Vanguard on June 13, 2013.

*Defendant's Response*: Vanguard incorporates herein by reference its response to Plaintiff's Fact No. 1.

**PLAINTIFF'S FACT NO. 3:** Vanguard did not send Danon any written notification that he was fired before June 13, 2013.

*Defendant's Response*: Plaintiff's Fact No. 3 is not material because, as set forth in the MTD Reply at 8-9, written notification of a termination decision is not required.

**PLAINTIFF'S FACT NO. 4:** Vanguard did not notify Danon by any means that he was fired before June 13, 2013.

*Defendant's Response*: Vanguard incorporates herein by reference its response to Plaintiff's Fact No. 1.

**PLAINTIFF'S FACT NO. 5:** Danon reported on the transfer pricing matter to the United States Securities and Exchange Commission in May of 2013.

*Defendant's Response*: Plaintiff's Fact No. 5 is not an additional disputed material fact that precludes summary judgment. As set forth in Defendant's Undisputed Material Fact No. 2—which Danon has admitted and it is confounding why he asserts this additional fact—Vanguard admits that Danon has alleged that he reported to the SEC in May 2013.

**PLAINTIFF'S FACT NO. 6:** At the time he reported to the SEC in May of 2013, Danon was still employed by Vanguard and had not been fired.

*Defendant's Response*: Vanguard incorporates herein by reference its responses to Plaintiff's Fact Nos. 1 and 5.

Respectfully submitted,

/s/ Paul G. Nofer

Paul G. Nofer (No. 52241)
Klehr Harrison Harvey Branzburg LLP
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-3287
pnofer@klehr.com

Kelly A. Carrero (admitted *pro hac vice*)
Jones Day
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
kacarrero@jonesday.com

*Attorneys for Defendant,
The Vanguard Group, Inc.*

Dated:  March 1, 2019