IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **DAVID DANON,** | : | CIVIL ACTION NO. 15-6864 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **THE VANGUARD GROUP, INC.,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED DOCUMENT
DISCOVERY PENDING ADJUDICATION OF PENDING MOTIONS**

Plaintiff David Danon, by his undersigned counsel, respectfully moves the Court for leave to conduct limited document discovery pending the Court's adjudication of the motions pending before the Court. In support of this motion, plaintiff avers as follows:

1. Plaintiff David Danon, who formerly was employed as a tax attorney at Vanguard, brings this action under the anti-retaliation provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. § 78u-6(h)("Dodd-Frank").

2. The gravamen of Danon's claim is that he was fired for protesting against and refusing to go along with what he reasonably believed was an illegal tax evasion scheme and related securities law violations.

3. This action was commenced in December of 2015, alleging that Vanguard's termination of Danon's employment violated the anti-retaliation provisions of Doff-Frank, the Sarbanes-Oxley Act of 2002, and the Pennsylvania Whistleblower Law.

4. By Memorandum and Order dated May 23, 2016, this Court dismissed all plaintiff's claims in plaintiff's initial Complaint. *Danon v. Vanguard Grp., Inc.*, No. 15-6864, 2016 WL

1

2988987, at *3-*4 (E.D. Pa. May 23, 2016). Danon appealed only the Court's dismissal of his Dodd Frank claim to the United States Court of Appeals for the Third Circuit.

5. By Memorandum and Order dated April 12, 2017, the Court of Appeals for the Third Circuit reversed the dismissal of plaintiff's Dodd-Frank claim, and remanded the case for further proceedings. *See Danon v. Vanguard Group, Inc.*, 686 F.App'x. 101 (3d Cir. 2017).

6. On April 19, 2018, plaintiff filed a motion for leave to amend his complaint. ECF No. 32.

7. The Court, by Memorandum and Order dated on November 2, 2018, granted plaintiff's motion for leave to amend. *See Danon v. Vanguard Group, Inc.,* 2018 WL 5785342 (E.D. Pa. Nov. 2, 2018)(Sitarski, U.S.M.J.). In an exhaustive Opinion, the Court accepted that plaintiff's proposed amendment was being made in good faith, cited to and credited Danon's reasons and motivation for the proposed amendment, and rejected Vanguard's arguments to the contrary. *Id.*

8. Plaintiff thereafter filed a Second Amended Complaint, pursuant to the leave conferred by the Court's Order of November 2, 2018.

9. On December 5, 2018, Vanguard filed a Motion to Dismiss Second Amended Complaint, or in the Alternative for Summary Judgment and supporting memorandum of law (*see* ECF No. 54).

10. Danon opposed Vanguard's motion (ECF Nos. 67 (corrected version), and ECF No. 67. Danon also filed a Conditional Motion to Convert Vanguard's Motion To Dismiss The Second Amended Complaint, or in the Alternative for Summary Judgment and supporting memorandum of law (ECF No. 60), a supporting Affidavit of David Danon (ECF No. 64), a reply brief in support of that motion (ECF No. 72), an initial and supplemental affidavit of

counsel pursuant to Fed.R.Civ.P. 56(d)(ECF Nos. 61, 73), a Response to Defendant's Statement of Material Facts and Counter-Statement of Material Facts (ECF Nos. 63).

10. Briefing on all motions closed in March of 2019 and the all motions are under submission to the Court.

11. While these motions remain pending, plaintiff respectfully submits that there is good cause for permitting the initiation of targeted document discovery. By this motion, plaintiff seeks leave to initiate document discovery directed to Vanguard, with the anticipation that document discovery will continueb thereafter with a customary "meet and confer" process and ultimately the production of relevant documents. Under plaintiff's proposal, further discovery (such as depositions and other testimonial discovery) will only proceed upon further Order of the Court.

12. Plaintiff anticipates that initial discovery focus will focus upon the following categories of documents (or a reasonably negotiated subset of such documents).

(1) Documents included in David Danon's personnel file;

(2) Documents sufficient to identify the factual basis for Vanguard's assertion that it fired Danon before he reported to the SEC May of 2013;

(3) All documents relating to a review of Danon's job performance dated in and around December of 2012;

(4) All documents relating to the meeting on or about January 3, 2013 between and/or among David Danon, Shawn Travis and Natalie Bej, during which, according to Vanguard, Danon's employment was terminated;

(5) All documents relating to the date of the termination of Danon's employment with Vanguard;

(6) All documents relating to the contemplated, potential or actual termination of David Danon's employment with The Vanguard Group, including without limitation documents sufficient to identify all persons who were involved or who participated in the process;

3

    (7)    All documents relating to the letter terminating Danon from The Vanguard Group, Inc. to David Danon dated June 13, 2013;

    (8)    Documents sufficient to identify practices and procedures followed by Vanguard with respect to the discipline or firing of employees and the reasons therefor;

    (9)    Documents that constitute or reflect communications between or among any of the following Vanguard employees relating to David Danon: Shawn Travis, Natalie Bey, and/or Heidi Stein.

Plaintiff derives this list from the initial and supplemental Fed.R.Civ.P. 56(d) affidavits of plaintiffs' counsel filed in connection counsel. *See* ECF Nos. 61 and 73.

    13.    This is not a case where the universe of relevant and discoverable documents should be extensive and voluminous. They consist largely (but concededly not exclusively) of what one would expect to find in an employee's personnel file, especially in a highly structured company such as Vanguard. Documents of this type go to the very heart of the claims and asserted defenses in this case: when and why did Vanguard terminate Danon's employment? can Danon prove by a preponderance of the evidence that his protected reporting was a factor that contributed to his firing?, and can Vanguard prove that it terminated Danon's employment for reasons unrelated to his reporting?

    14.    It is reasonable to assume that most, if not all of the documents that fall within the categories of documents outlined above have already been retrieved by Vanguard in view of the pendency of this litigation and the nature of the claims and defenses asserted in it. Moreover, the subject matter of these documents is squarely in issue with respect to the pending motions, particularly the parties' motions to convert to summary judgment.

    15.    Therefore, plaintiff does not believe that it would be unfair or unduly inconvenient for Vanguard to begin the process whereby it would ultimately produce the specified categories of documents, or a reasonably negotiated subset of such information that would result from a "meet and confer" process of the customarily engaged in by parties during the discovery process.

Nor would such a limited process result in any undue prejudice to Vanguard. On the other hand, production of the documents would streamline and expedite further discovery efforts (such as depositions and other testimonial discovery) if and when the Court were to determine that such further discovery is appropriate. Plaintiff anticipates that any such further discovery efforts and can and will be similarly streamlined.

16. Plaintiff most respectfully does not presume the outcome of the pending motions. The approach suggested by this motion is very narrowly tailored to allow for preliminary steps to be initiated, with a minimal burden to the parties, pending the Court's adjudication of the pending motions.

17. Before filing this motion, plaintiff's counsel conferred with counsel for defendant Vanguard to determine Vanguard's position with respect to the relief sought by this motion. Counsel for Vanguard advised plaintiff's counsel that Vanguard opposes this motion for reasons it will set forth in an opposition to be filed with the Court.

WHEREFORE, plaintiff most respectfully requests respectfully moves the Court for leave to serve and commence limited document discovery, as described above, pending the Court's adjudication of the motions pending before the Court.

Date:  September 9, 2020                                Respectfully submitted,

                                                        BOLOGNESE & ASSOCIATES, LLC


                                                        By: /s/Anthony J. Bolognese
                                                            Anthony J. Bolognese
                                                            Two Penn Center
                                                            1500 JFK Blvd., Suite 320
                                                            Philadelphia, PA  19102
                                                            (215) 814-6750
                                                            (215) 814-6764 (fax)
                                                            E-mail: abolognese@bolognese-law.com

                                Attorney for Plaintiff David Danon

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2019, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filings to all counsel of record.

/s/  Anthony J. Bolognese
Anthony J. Bolognese