IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID DANON,** | CIVIL ACTION NO. 15-6864 |
| Plaintiff, | |
| v. | |
| **THE VANGUARD GROUP, INC.,** | |
| Defendant. | |

## PLAINTIFF'S STATUS REPORT

Plaintiff David Danon, by his undersigned counsel,[1] most respectfully submits this status report setting forth the status of this whistleblower retaliation case.[2]

The status of this matter remains as it was on February 8, 2022, when counsel for the parties jointly reported it to the Court's Deputy telephonically, specifically:

On March 15, 2019, briefing closed on Defendants' Motion to Dismiss Second Amended Complaint, or in the Alternative for Summary Judgment (*see* ECF No. 54), and Danon's Conditional Motion to Convert Vanguard's Motion To Dismiss The Second Amended

---

[1] The understand entered his substitute appearance for predecessor counsel on December 14, 2018. See ECF Nos. 56, 57.

[2] The relevant facts reflecting the substantive and procedural background of the case are set forth in plaintiff's submissions on the Substantive Motions, as hereinafter defined (*see* ECF at 54-75), and in the Court's ruling (Magistrate Judge Sitarski) granting plaintiff's motion for leave to amend, *see Danon v. Vanguard Group, Inc.*, 2018 WL 5785342 (E.D.Pa. Nov. 2, 2018), to which plaintiff respectfully refers the Court.

Complaint, or in the Alternative for Summary Judgment (see ECF No. 60)(collectively the "Substantive Motions)," which are docketed at ECF Nos. 54-75).[3]

With the Substantive Motions pending, plaintiffs filed a series of motions to apprise the Court of the status of this litigation, the operative events in which largely occurred in and before 2013. Plaintiff also requested that the Court permit the parties to begin document discovery in a manner that plaintiff believes would not impose any undue burden.[4]

Plaintiff believes that it is a fair summary of defendant's position that there should be no discovery, document or otherwise, until there has been a ruling on the pending Substantive Motions. *See* briefing identified in fn. 4. The parties, therefore, continue to be at an impasse with respect to this issue.

Dated: August 8, 2022

Respectfully submitted,

BOLOGNESE & ASSOCIATES, LLC

By: <u>Anthony J. Bolognese</u>
    Anthony J. Bolognese
    1500 JFK Blvd., Suite 320
    Philadelphia, PA 19102
    Telephone: 215-313-9500

*Attorney for Plaintiff David Danon*

---

[3] After the close of briefing, both parties submitted to Chambers two copies of their briefing (including exhibits), in accordance with A.4 of Your Honor's Policies and Procedures: General Matters, Civil Cases, and Criminal Cases.

[4] *See* Plaintiff's Motion (dated September 9, 2021) For Leave to Conduct Limited Document Discovery Pending Adjudication of Substantive Motions, responses/replies thereto (ECF Nos. 76-78); Plaintiff's Motion (dated March 22, 2021) For A Status Conference, and responses/replies thereto (ECF Nos. 79-80); and Plaintiff's Renewed Motion (dated October 21, 2021) for Leave to Conduct Limited Document Discovery Pending Adjudication of Substantive Motions or Alternatively for a Status Conference, and responses/replies thereto (ECF No. 81-83).

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of August, 2022, I caused the forgoing motion to be served upon all counsel of record by filing the Plaintiff's Status Report on the Court's electronic filing system.

BOLOGNESE & ASSOCIATES, LLC

By: <u>Anthony J. Bolognese</u>
    Anthony J. Bolognese
    1500 JFK Blvd., Suite 320
    Philadelphia, PA 19102
    Telephone: 215-313-9500

*Attorney for Plaintiff David Danon*